IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SCOTT SMADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-810-NJR-DGW |
| | ) | |
| DEREK RICE, TRAVIS JAMES, and JAKE BROOKHART, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel filed by Plaintiff, Scott Smado, on February 27, 2018 (Doc. 35), the Motion to Compel filed by Plaintiff on March 19, 2018 (Do. 44), the Motion for Leave to File Amended Response filed by Plaintiff on April 6, 2018 (Doc. 51), and the Motion to Compel filed by Plaintiff on April 9, 2018 (Doc. 52). The Motion for Recruitment of Counsel is **DENIED WITHOUT PREJUDICE** (Doc. 35), the Motions to Compel are **DENIED WITHOUT PREJUDICE** (Docs. 44 and 52), and the Motion to Leave to File Amended Response is **GRANTED** (Doc. 51).

*Motion for Recruitment of Counsel* (Doc. 35)

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992).

If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has made a reasonable attempt to acquire counsel prior to seeking Court assistance. However, counsel will not be recruited in this matter at this time. It is clear that Plaintiff is capable of reading and writing in English and that he is able to articulate his claims in pleadings. Plaintiff's documents are supported by citation to legal authority and relevant argument. While the claims in this matter relate to Plaintiff's medical care, it appears that he is capable of seeking discovery, that he is aware of the events in this case, and that he is otherwise capable of pursing discovery. Moreover, the Court has had an opportunity to observe Plaintiff and finds that he appears competent to litigate this matter. Therefore, it appears that Plaintiff is capable of litigating his matter without the assistance of counsel at this time. Plaintiff's request for counsel is **DENIED WITHOUT PREJUDICE**

*Motions to Compel* (Docs. 44 and 52)

In his first motion to compel, Plaintiff states that "Defendants" failed to provide complete

initial disclosures by the March 6, 2018 deadline contained in the Scheduling Order (Doc. 29).[1] He states that he only received grievances and counselor logs on that date. It is unclear from the motion which Defendant Plaintiff is referring to – Brookhart, James, or Rice. Only Brookhart has responded to the Motion (Doc. 49). In that response, Brookhart offers no excuse as to why he did not timely serve initial disclosures. He only indicates, in a notice, that there were served more than 3 weeks late (Doc. 48). The Court finds such a response troubling. The remaining Defendants, James and Rice, did not respond to the motion. In his second motion to compel, Plaintiff states that Defendant Brookhart did not provide all of the initial disclosures required.

At the hearing held on April 26, 2018, Defendants represented that they have now provided all initial disclosures that are due. While the Court does not condone tardy discovery, Plaintiff suffered no prejudice as a result of the late responses. Therefore, these motions are **DENIED WITHOUT PREJUDICE**. Defendants shall ensure that discovery responses are served in a timely manner in the future.

*Motion to Leave to File Amended Response (Doc. 51)*

Plaintiff seeks to amend his response to Defendant James' motion for summary judgment on the issue of exhaustion (Doc. 36). The Motion is **GRANTED** and the Clerk of Court is **DIRECTED** to file his amended response forthwith. The Court will consider the document.

**DATED: May 2, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[1] The Scheduling Order does not refer to these items as "initial disclosures." However, it contains a list of documents and information that Defendants must produce by March 6, 2018, prior to the service of discovery requests.