## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SCOTT SMADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:17-CV-810-NJR-DGW |
| | ) | |
| DEREK RICE, TRAVIS JAMES, and | ) | |
| JAKE BROOKHART, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 70) regarding the motions for summary judgment based on exhaustion of administrative remedies filed by Defendant Travis James (Doc. 36) and by Defendant Jake Brookhart (Doc. 43). The Report and Recommendation, entered on July 6, 2018, recommends that the Court deny both motions. No objections to the Report and Recommendation were filed.

Plaintiff Scott Smado filed this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983, alleging Defendants Derek Rice[1] and Travis James were deliberately indifferent to his serious medical needs and that Defendant Jake Brookhart threatened retaliation if Smado filed a lawsuit that named him as a defendant. According to the complaint, Smado began vomiting black liquid on January 28, 2017 (Doc. 1). Defendant Rice instructed Smado to sign up for sick call (*Id.*). When the correctional officer on duty

---

[1] Defendant Rice did not file a motion for summary judgment on the issue of exhaustion.

noticed Smado was dizzy, pale, and drenched in sweat, he called Defendant Rice a second time. Defendant Rice advised that Smado had already signed up for sick call and hung up the phone (*Id.*). The correctional officer, concerned about Smado's condition, called an emergency code and Smado was taken to the Healthcare Unit. There, Dr. Shah gave Smado medication and called an ambulance (*Id.*). Emergency room staff determined Smado was bleeding internally and gave him lifesaving treatment, including blood transfusions (*Id.*). Further testing revealed Smado had three ulcers in his esophagus and four ulcers in his stomach that ruptured simultaneously (*Id.*).

On Friday, February 23, 2017, less than a month after this incident, Smado found blood in his stool. Smado was taken to the Healthcare Unit, where Defendant James, a physician assistant, said the doctor could deal with Smado on Monday (*Id.*). When Dr. Shah examined Smado that following Monday, he discovered Smado was again bleeding internally (*Id.*). Smado complained about the incident involving Defendant James to Defendant Brookhart, who threatened Smado for filing grievances and stated that if Smado filed a lawsuit, he would have Smado transferred to another prison (*Id.*).

On April 26, 2018, Magistrate Judge Wilkerson held a hearing on Defendants' motions pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), during which he found Smado's testimony credible that filed several grievances related to these incidents. Specifically, Smado filed a grievance on February 23, 2017, complaining that Defendant James did not examine him and instead said Dr. Shah would deal with him on Monday (Doc. 47, p. 6-7). Smado filed a grievance complaining of Defendant Brookhart's conduct on June 3, 2017 (Doc. 50, pp. 18-21).

Magistrate Judge Wilkerson entered his Report and Recommendation on July 6, 2018, recommending that the Court find these grievances properly exhausted. The parties were informed that their deadline for objecting to Magistrate Judge Wilkerson's Report and Recommendation was July 23, 2018, but no objections were filed.

Because no party has filed an objection, the undersigned need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While a *de novo* review is not required here, the Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 70) in its entirety. The Motion for Summary Judgment filed by Defendant Travis James (Doc. 36) is **DENIED**. The Motion for Summary Judgment filed by Defendant Jake Brookhart (Doc. 43) is also **DENIED**.

**IT IS SO ORDERED.**

DATED:   July 24, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**